JOHN TANIS ET AL., APPELLANTS, v. COUNTY OF PASSAIC, RESPONDENT.

Submitted February 17, 1939—Decided May 15, 1939.

For the appellants, *Henry Marelli.*

For the respondent, *Harry L. Schoen.*

PER CURIAM.

The notice of appeal in this cause specifies that the appeal is taken "from that part of the judgment striking the complaint therein entered, on the first day of July, 1937, so far as the same affects the first five counts of said complaint * * *."

But no such judgment is before us. The printed case shows a complaint in seven counts; a notice of motion to strike out that complaint on five stated grounds; a stipulation of facts, concluding with five questions which "the court is to decide;" and adding that "judgment is to be entered in harmony with the decision of the court on each of the above points." Next, we have an opinion by the court below, dated July 1st, 1937, followed by a rule striking out the complaint as not setting forth a legal cause of action. This rule is dated July 12th, 1937; and as already noted, the appeal is from a "judgment entered July 1st, 1937, which is the date of the opinion. But passing this point, and treating the appeal as taken from either the opinion or the subsequent order, it is apparent that neither is a judgment in the sense intended by statutes or

rules of court. As to matters of law, the motion to strike takes the place of a demurrer. Supreme Court rule 40. By the same rule, "the order made upon such motion is appealable after final judgment." No such judgment appears in the case; and without it, appeal does not lie. *Sautter* v. *Order of Heptasophs,* 74 *N. J. L.* 608.

Under the common law practice, where a pleading was held bad on demurrer, our courts have been liberal in permitting amendment (*Ten Eyck* v. *Delaware, &c., Canal Co.,* 19 *N. J. L.* 5; *Hale* v. *Lawrence,* 22 *Id.* 72), and this practice is recognized in the proviso to rule 84, relating to entry of judgment through the clerk's office in cases "where, as the result of striking out a pleading *without leave to amend or file a new pleading,* the record indicates that a party is entitled to judgment as in case of default in pleading."

Conceivably, in this cause, the court below, on application, might have permitted the filing of an amended complaint; conceivably, on the other hand, the decision was determinative of all questions that could be raised, and final judgment was in order. But until there is a final judgment, by the plain intendment of rule 40, there is nothing for an appellate court to review.

The appeal is therefore dismissed.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.